[NOT YET SCHEDULED FOR ORAL ARGUMENT]

NOs. 23-1078, 23-1081

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

---

ALL ONE GOD FAITH, INC., DBA DR. BRONNER'S MAGIC SOAPS,
Plaintiffs

ASCENSION CHEMICALS LLC, UMD SOLUTIONS LLC, CRUDE CHEM TECHNOLOGY LLC, GLOB ENERGY CORP.,
Plaintiffs-Appellants

v.

UNITED STATES, CP KELCO U.S., INC., Defendants-Appellees

---

REPLY BRIEF OF APPELLANTS

APPEALS FROM THE UNITED STATES COURT OF INTERNATIONAL TRADE IN NO. 1:20-CV-00160-GSK, 1:20-CV-00161-GSK, 1:20-CV-00162-GSK, 1:20-CV-00163-GSK, 1:20-CV-00164-GSK, JUDGE GARY S. KATZMANN

Kyl J. Kirby
Kyl J. Kirby, Attorney and
Counselor at Law, P.C.
1400 Lipscomb Street
Fort Worth, Texas 76104
(214) 632-0841

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................................ i
TABLE OF AUTHORITIES ........................................................................................ ii
SUMMARY OF PLAINTIFFS'-APPELLANTS' ARGUMENTS ...................... 1
ARGUMENTS ................................................................................................................ 1
    A. The Trial Court's Dismissal Of GLōB's Claims Should Not Be Affirmed
       ……………………………………………………………………….. 1
    B. The Trial Court's Judgment On The Merits Should Be Not Affirmed Because CBP Did Abuse Its Discretion And Did Not Act In Accordance With Law In Making Its Evasion Determinations - The Trial Court Incorrectly Sustained CBP's Determination That The Entries Contained "Covered Merchandise" ........................................................................................ 8
    C. The Trial Court's Judgment On The Merits Should Be Not Affirmed Because CBP Did Abuse Its Discretion And Did Not Act In Accordance With Law In Making Its Evasion Determinations - The Trial Court Incorrectly Sustained CBP's Determination That The Importers Had Avoided Applicable Antidumping Duties ................................................. 10
CONCLUSION ............................................................................................................ 12
CERTIFICATE OF COMPLIANCE
CERTIFICATE OF SERVICE

# TABLE OF AUTHORITIES

**Cases**                                                                 Page(s)

*Acquisition 362, LLC v. United States*, 517 F.Supp.3d 1318 (Ct. Int'l Trade 2021) ….…..…..……………………………………………………………….. 4

*American Signature, Inc. v. United States*, 598 F.3d 816 (Fed. Cir. 2010) ... 4-6, 8

*Aramide Maatschuppij V.o.F. v. United States*, 901F.Supp. 353 (Ct. Int'l Trade 1995) ………………………………………………….……………… 6

*Canadian Solar Int'l Ltd. v. United States*, 415 F. Supp. 3d 1326 (2019) ……... 11

*Carbon Activated Corp. v. United States*, 791 F.3d 1312 (Fed. Cir. 2015) …….. 4

*Endura Products, Inc. v. United States* (Ct. Int'l Trade No. 19-00190) (ECF No. 10) (Oct. 17, 2019) …………………………………..…………….. 8

*Garg Tube Export LLP v. United States*, 527 F.Supp.3d 1362 (Ct. Int'l Trade 2021) …………………………………………………………………… 10

*Guizhou Tyre Co., Ltd. v. United States*, 415 F.Supp.3d 1355 (CIT. 2019) ....... 11

*Hyundai Elec. Indus. Co. v. United States*, 395 F.Supp.2d 1231 (Ct. Int'l Trade 2005) …………………………………………………….……………. 6

*Ikadan Sys. U.S. v. United States*, 21-00592, Slip Op. 23-88 (Ct. Int'l Trade 2023) ……………………………………………………………………………… 3

*Mukand Int'l Ltd. v. United States*, 502 F.3d 1366 (Fed. Cir. 2007) ………… 5-6

*Shandong Huarong Gen. Group Corp. v. United States*, 60 Fed.Appx. 797 (Fed.Cir. 2003) ………………………………………………………….. 6

*Shandong Huarong Machinery Co. v. United States,* 435 F.Supp.2d 1261 (2006) ................................................................................................................ 11

*Shinyei Corp. of Am. v. United States,* 355 F.3d 1297 (Fed. Cir. 2004) ………. 4-5

*United States v. Am. Home Assur. Co.*, 789 F.3d 1313 (Fed. Cir. 2015) ….....… 4

*United States v. Cherry Hill Textiles, Inc.*, 112 F.3d 1550 (Fed. Cir. 1997) …..... 4

*Zenith Radio Corp. v. United States*, 710 F.2d 806 (Fed. Cir. 1983) ………. 3, 7-8

*ZKF USA, Inc. v. United States*, 512 F.3d 1326 (Fed. Cir. 2008) …………..... 3

**Statutes**

19 U.S.C. § 1501 ……………………………..……………………………………. 2

19 U.S.C. § 1514 …………………………………………………………….….. 4-5

19 U.S.C. § 1514(a) …………………………………….…..………………….… 5

19 U.S.C. § 1516a …………………………..………………….…..…….....… 4

19 U.S.C. § 1516a(a)(2)(B) …………………………………………………….. 5

19 U.S.C. § 1516a(c)(1) …………………………….…..………….…..…… 7

19 U.S.C. § 1516a(c)(2) …………………………………….……………………. 3

19 U.S.C. § 1517 …………………………………………………………….… 4-5

19 U.S.C. § 1517 (c)(2)(B) ……………………………………………………. 12

19 U.S.C. § 1517(b)(4)(A) …………………………………...…………… 9-10

19 U.S.C. § 1517(c)(3) ……………………………………...…………….. 11

19 U.S.C. § 1517(e)(1) ……………………………………………………. 2, 7

19 U.S.C. § 1673 ………………………..…………………………………… 8

28 U.S.C. § 1581(a) ………………………………………………………...……. 2-3

28 U.S.C. § 1581(c) …………………………………………………………...… 2-5, 7

28 U.S.C. § 1581(i) ……………………………………………………………....… 5

**Regulations**

19 C.F.R. § 165.21(b) ……………………………………………………………….. 10

19 C.F.R. § 165.23(c)(2) …………………………………………………………… 10

19 C.F.R. § 173.3 …………………………………………………………………... 2

19 C.F.R. § 176.31(a) …………………………………………………………….. 3

19 C.F.R. § 176.31(b) ……..………………………………………………………….. 3

19 C.F.R. § 351.216 ……………………………………………….………………... 10

**Other Authorities**

H.R. REP. NO. 114-376 (2015) (Conf. Rep.) …………………………………….. 2

**SUMMARY OF PLAINTIFFS'-APPELLANTS' ARGUMENTS**

The CIT erred in finding that it lacked jurisdiction over GLōB's challenges to CBP's liquidation of the disputed merchandise because the relevant entries have been finally liquidated. CBP's determination that Plaintiffs-Appellants "evaded" the Order cannot be sustained because CBP committed fatal legal and factual errors with respect to elements required to make an affirmative determination of "evasion". Specifically, CBP's determination that Plaintiffs-Appellants entered covered merchandise through evasion was arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law and CBP's determination of substantial evidence that supports evasion was arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law.

**ARGUMENTS**

**A. The Trial Court's Dismissal Of GLōB's Claims Should Not Be Affirmed**

In its June 5, 2023, response brief, Defendant-Appellee United States ("Government") misconstrues Plaintiff's-Appellant's GLōB Energy Corp ("GLōB") argument and related law regarding that U.S. Court of International Trade ("CIT") has subject-matter jurisdiction over the claims presented by GLōB, including its two entries (51084554024, 51084335622) that were liquidated, protested, and denied by U.S. Customs and Border Protection ("Customs" or "CBP"). Government stated, "[o]nce a liquidation becomes final and conclusive,

1

generally neither CBP nor the courts may alter or set aside the transaction, including the assessment of duties." Brief for Defendant-Appellee 12 ("Red Br."). Government admitted that CBP violated 19 U.S.C. § 1517(e) "in an apparent error, CBP liquidated GLōB's two entries while the EAPA investigation was still underway." *Id*. Government contends that "Congress, however, created two separate jurisdictional provisions for purposes of reviewing the decisions challenged by GLōB. Specifically, the trial court reviews decisions of CBP as to the liquidation of an entry under 28 U.S.C. § 1581(a), and separately, the trial court reviews decisions of CBP as to the EAPA statute under 28 U.S.C. § 1581(c)." *Id*. at 23, 25. Congress considered liquidated entries during its law-making process. The U.S., House of Representatives included, "[i]f the Department of Commerce makes an affirmative final determination of evasion, CBP is to assess the applicable antidumping and countervailing duties on entries of evading merchandise, including such entries that were ***already liquidated***, and to review and reassess the amount of bond or other security the importer must post for entries of such merchandise on or after the date of the final determination." H.R. REP. NO. 114-376 (2015) (Conf. Rep.) (emphasis added). However, the U.S. Senate removed the liquidated language before the bills passage. Insight is limited as to why the language was removed. However, under 19 C.F.R. § 173.3 (19 U.S.C. § 1501), it is clear that CBP's authority to

2

reliquidate is limited entries within 90 days from the date notice of deemed liquidation or notice of the original liquidation. It is also clear that the courts (CIT under 19 C.F.R. § 176.31(a) and Court of Appeals for the Federal Circuit ("CAFC") under 19 C.F.R. § 176.31(b)) have the authority to cause CBP to reliquidate entries. Importantly, the same injunctive relief concerning liquidation available to antidumping and countervailing cases under 19 U.S.C. § 1516a(c)(2) is absent in any EAPA statutes. Here, CBP initiated its investigation on May 7, 2019 and the entries liquidated on October 4, 2019, well before any proceeding in the CIT. Moreover, as previously contended, the CIT and CAFC courts have broad remedial powers to cause the reliquidation of entries. Blue Br. 15, 21-22, 24-25. Government is simply in correct in its interpretation there are two separate jurisdictional provisions (28 U.S.C. § 1581(a) and (c)) for purposes of reviewing EAPA decisions. *See* Red Br. 26-27. Respectfully, the CIT's continued interpretation of subject matter jurisdiction is incorrect that plaintiff challenges to CBP's liquidation decisions / actions are "reach beyond the scope of EAPA's judicial review." *Ikadan Sys. U.S. v. United States*, 21-00592, Slip Op. 23-88, at * 26-27 (Ct. Int'l Trade 2023).

    Government misplaces reliance on *Zenith Radio Corp. v. United States*, 710 F.2d 806, 810 (Fed. Cir. 1983) and *ZKF USA, Inc. v. United States*, 512 F.3d 1326, 1329 (Fed. Cir. 2008). Red Br. 29-30. However, as discussed in its opening

brief, GLōB explains that the case concerns a U.S. Department of Commerce ("Commerce") action under Section 751, not an administrative decision issued by Customs under 19 U.S.C. § 1517 — a separate grant of authority. Blue Br. 19-20. The GLōB case is distinguished from *United States v. Am. Home Assur. Co.*, 789 F.3d 1313, 1323 (Fed. Cir. 2015), *United States v. Cherry Hill Textiles, Inc.*, 112 F.3d 1550, 1557 (Fed. Cir. 1997), and *Carbon Activated Corp. v. United States*, 791 F.3d 1312, 1315-17 (Fed. Cir. 2015) as relied upon by Government and Government furthers its misunderstanding with the *Acquisition 362, LLC v. United States*, 517 F. Supp. 3d 1318, 1324 (Ct. Int'l Trade 2021). Red Br. 31-32. Like the plaintiff in *Acquisition 362*, GLōB is challenging the actual decision with which it took issue – the evasion (and the China-wide antidumping duty rate as a result) determined by the administrative agency where the CIT plainly stated that "28 U.S.C. § 1581(c) is the correct jurisdiction for the entire proceeding." Blue Br. 13-14. Government does not understand the broader implications of 19 U.S.C. § 1517 as they relate to 19 U.S.C. § 1516a. Red Br. 32-33. Like in *Acquisition 362* and *Shinyei Corp. of Am. v. United States*, 355 F.3d 1297 (Fed. Cir. 2004) and *American Signature, Inc. v. United States*, 598 F.3d 816 (Fed. Cir. 2010) as Government discusses, CBP holds a duty rate like determination role pursuant to 19 U.S.C. § 1517 that is similar to that of Commerce under 19 U.S.C. § 1516a. Clearly CBP's ministerial capacity matters under 19 U.S.C. § 1514 do not control

or otherwise override determinations to be made under 19 U.S.C. § 1517. Contrary to Government's belief, *Shinyei* and *American Signature* are instructive. Red Br. 33-37. The cases as stated in GLōB's opening brief, demonstrate CAFC and CIT precedent of "broad remedial powers" that include the power to issue refunds on entries and other remedies regardless of liquidation status. Blue Br. 21. Moreover, Government even hits on the importance of the subject matter jurisdiction where there are non-19 U.S.C. § 1514 issues at play stating, "liquidation did not divest the trial court of jurisdiction in a 28 U.S.C. § 1581(i) action challenging Commerce's instructions. *Id.* at 1305-12. The Court explained that section 1514(a) is not 'fairly construed to prohibit reliquidation in all cases, particularly when the alleged error is with Commerce instructions . . . , not 'decisions of the Customs Service' as to liquidation.' *Id.*" (quoting *Shinyei*) Red Br. 34-35. As the CIT stated in *Shinyei,* "section 1581(c) does not provide the Court of International Trade with jurisdiction. Section 1581(c) provides the court with exclusive jurisdiction over actions commenced under section 516A of the Tariff Act. 28 U.S.C. § 1581(c) (2000). Section 516A provides for judicial review in countervailing duty and antidumping duty proceedings, but specifically enumerates "reviewable determinations" under that section. 19 U.S.C. § 1516a(a)(2)(B) (2000)." *Shinyei*, 355 F.3d at 1304. The GLōB case stands in contrast to *Mukand Int'l Ltd. v. United States*, 502 F.3d 1366, 1369, 1370 (Fed.

5

Cir. 2007). Red Br. 35. Unlike the plaintiff in *Mukand*, as discussed above, GLōB did not have injunctive remedies to prevent its entries from being liquidated. *Id*. at 1368. Government also misses the mark with its interpretation of *American Signature*. Red Br. 35-36. The CAFC clearly stated that "[i]t is only logical for the Court of International Trade to consider any alleged errors in the assessment rates when challenges to the dumping margins are also being considered because assessment rates are affected by dumping margin calculations." *American Signature,* 598 F.3d at 825. Moreover, the court stated, "Commerce's implementing ministerial error regulation provides for ministerial error correction at the request of interested parties. The regulations set forth various time limits for the correction of errors at the request of a party to the proceeding, but do not deal explicitly with sua sponte error correction by Commerce. However, Commerce has long claimed the authority to correct ministerial errors during judicial review of final results even when no request to correct the error has been made by an interested party pursuant to the regulations. See, e.g., *Hyundai Elec. Indus. Co. v. United States*, 395 F.Supp.2d 1231, 1243 (Ct. Int'l Trade 2005) (citing *Shandong Huarong Gen. Corp. v. United States*, 159 F.Supp.2d 714, 727 (Ct.Int'l Trade 2001); *Aramide Maatschuppij V.o.F. v. United States*, 901F.Supp. 353, 361 (Ct. Int'l Trade 1995), affd sub nam. *Shandong Huarong Gen. Group Corp. v. United States*, 60 Fed.Appx. 797 (Fed.Cir. 2003). The statute and the

regulation clearly permit the sua sponte correction of a ministerial error by Commerce whether or not a party has requested correction within the period specified in the regulation." *Id*. at 826. Thus, can infer that related liquidation matters would also be resolved under 19 U.S.C. § 1581(c). Again the Government contends that the *Zenith Radio Corp. v. United States*, 710 F.2d 806 (Fed. Cir. 1983) inapplicable. Red Br. 38-39. However, contrary to Government's belief, GLōB did indeed challenge CBP's liquidation and protest stance in requesting that the CIT cause CBP to return the entries to an unliquidated status or suspend the protests during the pendency of the EAPA court litigation. *See* APPX00288 (Dkt. No. 52). Additionally, Government's contention that "CBP's evasion determinations under 28 U.S.C. § 1581(c) became moot once the liquidation of GLōB's entries became final" is misplaced. Red Br. 37. The CAFC pointed to a liquidation clause in 19 U.S.C. § 1516a(c)(1) that is nonexistent in EAPA statutes. Moreover, GLōB has demonstrated that courts retain broad remedial powers to cause the reliquidation of entries. Blue Br. 15, 21-22, 24-25. Government argues that "The EAPA statute directs CBP to suspend the liquidation of entries covered by an EAPA investigation. See 19 U.S.C. § 1517(e). This suspension, however, dissolves when the investigation over. If a party seeks judicial review of an EAPA determination at the trial court, it must seek a preliminary injunction to prevent liquidation during litigation (*see*, *e.g.*, the

7

circumstances of *Zenith Radio*). During any judicial review of an EAPA determination, interested parties can, and routinely do, seek a preliminary injunction to prevent liquidation during the litigation. *See, e.g.*, *Endura Products, Inc. v. United States* (Ct. Int'l Trade No. 19-00190) (ECF No. 10) (Oct. 17, 2019) (issuing order enjoining liquidation during review of EAPA determination)." Red Br. 38-39. Government logic is again misplaced. In addition to the arguments above showing no statutory authority and no CIT rules, *Endura Products* is a case where entries were not previously liquidated during the EAPA review. Here, the entries liquidated long before any case launched in the CIT.

**B. The Trial Court's Judgment On The Merits Should Be Not Affirmed Because CBP Did Abuse Its Discretion And Did Not Act In Accordance With Law In Making Its Evasion Determinations - The Trial Court Incorrectly Sustained CBP's Determination That The Entries Contained "Covered Merchandise"**

"The antidumping law imposes special duties upon imports of merchandise sold at less than normal value to the detriment of a domestic industry. 19 U.S.C. § 1673." *American Signature*, 598 F.3d at 819. CP Kelco made numerous statements that can be construed as imports not being a detriment to CP Kelco's domestic industry. Ascension Chemicals LLC ("Ascension") learned that "CP Kelco cut off Oil and Gas sector customers around June 2018, again in July, and ending with an email on February 22, 2019 where CP Kelco stated, "Kelco is still not offering reliable availability of xanthan in the USA." Blue Br. 33. Another

8

importer to this action, GLōB, heard a similar story that on several occasions that CP Kelco does not consistently supply the domestic market. Again, In June of 2018 CP Kelco stated, "Regrettably, there is presently no ZANFLO in stock and the plant has just advised us that there will be no ZANFLO for the foreseeable future, due to a corporate strategy shift for the plant. I very much appreciate your past purchases and I am very sorry for the change in ZANFLO availability. We will update you immediately if and when ZANFLO production resumes in the future." *Id*. at 31-32. CP Kelco confirmed the same in June of 2019 stating, "ZANFLO availability is inconsistent because the USA (Oklahoma) plant has been converted to produce primarily gellan gum. Xanthan gum is scheduled for production only when the required gellan volumes have been fulfilled." *Id*. Thus, Government's stance that CBP was able to determine that the merchandise at issue was "covered merchandise" is false. Red Br. 43. CBP was required under 19 U.S.C. § 1517(b)(4)(A) to refer the matter to Commerce. Government contends that, "[g]iven the availability of this avenue to importers who qualify as interested parties, an importer subject to an EAPA investigation could have pursued this statutory remedy if it believed that grounds existed for revoking the AD Order, in whole or in part." Red Br. 44. However, the law is unsettled with this question. First, although the Plaintiffs-Appellants requested the referral numerous times, EAPA states that it is CBP role to refer the matter. Second, defendants in EAPA

cases are heavily hampered by both short data submission timelines (under 19 C.F.R. § 165.23(c)(2) factual information limited to 200 calendar days after the start investigation versus 270 days under Commerce rule 19 C.F.R. § 351.216) and hard stops on data submissions by defendants (under 19 C.F.R. § 165.21(b) CBP will not consider in its determinations or include on the administrative record any information that is not properly filed with CBP). Government seems to place a reliance on CBP's *de novo* administrative review where it stated "[w]hether there may be a change in circumstances affecting the domestic industry such that the Order's scope may be modified by Commerce at a later date does not change the fact that, at the time of entry, the xantham [*sic*] gum was covered merchandise." Clearly the point of the 19 U.S.C. § 1517(b)(4)(A) "covered merchandise" exercise would be for Commerce to make a determination that the merchandise was "covered merchandise" at the time of entry. The Court should not protect the CP Kelco (Shandong) Biological Company Limited 0% exporter rate believing there is a detriment to CP Kelco's nonexistent domestic industry.

**C. The Trial Court's Judgment On The Merits Should Be Not Affirmed Because CBP Did Abuse Its Discretion And Did Not Act In Accordance With Law In Making Its Evasion Determinations - The Trial Court Incorrectly Sustained CBP's Determination That The Importers Had Avoided Applicable Antidumping Duties**

Commerce case law concerning adverse inferences under 19 U.S.C. § 1517(c)(3) is instructive. "If Commerce seeks to induce the cooperation of a noncooperating supplier through a cooperating party, there must be, for example, 'substantial evidence' that the ***cooperating party has leverage over the non-cooperating supplier***, and that if Commerce is constrained from employing adverse inferences, the non-cooperating party will have an incentive to evade duties by selling merchandise into the United States through the cooperating party. *See*, e.g., *Canadian Solar Int'l Ltd. v. United States*, 43 CIT ——, 415 F. Supp. 3d 1326, 1334–35 (2019)." *Garg Tube Export LLP v. United States*, 527 F.Supp.3d 1362, 1372 (Ct. Int'l Trade 2021). Otherwise, " '[a]bsent a valid decision to use facts otherwise available' ***and*** a finding that a respondent failed to 'act[ ] to the best of its ability,' 'Commerce may not use an adverse inference.' " *Guizhou Tyre Co., Ltd. v. United States*, 415 F.Supp.3d 1335, 1342 (CIT. 2019) (emphasis added) (quoting *Shandong Huarong Machinery Co. v. United States,* 435 F.Supp.2d 1261, 1274, 1289 (2006)). CBP's implementing regulations are to the same effect, as they provide that the adverse inferences may be drawn by CBP against "***that party***," i.e., the non-cooperating party, and not the one associated with a cooperating party. (emphasis added).

Here, the record is replete with facts stated that the Plaintiffs-Appellants all filed actions with Indian police and launched cases in the Indian court against

11

the exporter to obtain manufacturer. Importantly, the exporter made untruthful statements that the Plaintiffs-Appellants somehow all "knew [that Chem Fert was not a manufacturer] very well" and "had approached us and had asked us to import this product from China and thereafter repack it into India and export it to United States." Red Br. 48-49. However, instead of verifying the statements under 19 U.S.C. § 1517 (c)(2)(B), CBP simply accepted them for face value even after knowing that the Plaintiffs-Appellants were aggressively pursuing the exporter with the Indian police and court. Thus, CBP could not use the Indian supplier's failure to cooperate to make an adverse inference.

## CONCLUSION

The CIT errored in finding that it lacked jurisdiction over GLōB's challenges to CBP's liquidation of the disputed merchandise because the relevant entries have been finally liquidated. CBP's determination that Plaintiffs-Appellants "evaded" the Order cannot be sustained because CBP committed fatal legal and factual errors with respect to elements required to make an affirmative determination of "evasion". Specifically, CBP's determination that Plaintiffs-Appellants entered covered merchandise through evasion was arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law and CBP's determination of substantial evidence that supports evasion was arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law. For

12

the foregoing reasons, Plaintiffs-Appellants respectfully request that this Court reverse the judgment entered below and CBP's evasion determination.

Respectfully submitted,

/s/ Kyl J. Kirby
Kyl J. Kirby
Kyl J. Kirby, Attorney and Counselor at Law, P.C.
1400 Lipscomb Street
Fort Worth Texas, 78104
Telephone: (214) 632-0841
E-mail: kyl@kirbyfedlaw.com
*Counsel for Plaintiffs-Appellants*
ASCENSION CHEMICALS LLC, UMD SOLUTIONS LLC, CRUDE CHEM TECHNOLOGY LLC, and GLOB ENERGY CORP.

Dated: June 26, 2023

# CERTIFICATE OF COMPLIANCE WITH FEDERAL RULE OF APPELLATE PROCEDURE 32(a)(5) and (7)

 Pursuant to Rule 32(a)(7)(C) of the Federal Rules of Appellate Procedure, undersigned counsel for Plaintiffs-Appellants certifies that this reply brief utilizes a proportionally spaced 14-point typeface, Times New Roman, in accordance with FRAP 32(a)(5)(A), and further certifies that this brief contains 2,932 words, including footnotes, in accordance with FRAP 32(a)(7)(B)(i). The word-count certification is made in reliance on the word-count feature contained in Microsoft Word Office software.

           Respectfully submitted,

           <u>/s/ Kyl J. Kirby</u>
           Kyl J. Kirby
           Kyl J. Kirby, Attorney and Counselor at Law, P.C.
           1400 Lipscomb Street
           Fort Worth Texas, 78104
           Telephone: (214) 632-0841
           E-mail: kyl@kirbyfedlaw.com
           *Counsel for Plaintiffs-Appellants*
           ASCENSION CHEMICALS LLC, UMD SOLUTIONS LLC, CRUDE CHEM TECHNOLOGY LLC, and GLOB ENERGY CORP.

Dated: June 26, 2023

# CERTIFICATE OF SERVICE

I hereby certify that on this twenty-sixth day of June 26, 2023, I caused Plaintiffs-Appellants' Reply Brief to be filed electronically with the Clerk of the Court for the U.S. Court of Appeals for the Federal Circuit by using the CM/ECF System. Accordingly, all participants have consented to service by electronic mail and will receive notice of such above-described filing as registered CM/ECF users as follows:

Matthew Clark, Attorney: matthew.clark@afslaw.com, matthew.clark@arentfox.com, terri.labounty@afslaw.com, nataliya.slyepicheva@afslaw.com
Kyl John Kirby, -: kyl@kirbyfedlaw.com
Ms. Nancy Noonan: nancy.noonan@afslaw.com, terri.labounty@afslaw.com, nataliya.slyepicheva@afslaw.com
Mr. Loren Misha Preheim, Trial Attorney: misha.preheim@usdoj.gov, national.courts@usdoj.gov, natcourts.dockets@usdoj.gov
Ms. Elisa Solomon, Trial Attorney: elisa.s.solomon@usdoj.gov
Ms. Shae Weathersbee, Attorney: shae.weathersbee@cbp.dhs.gov
Leah N. Scarpelli, Attorney: leah.scarpelli@afslaw.com, terri.labounty@afslaw.com, nataliya.slyepicheva@afslaw.com

Respectfully submitted,

/s/ Kyl J. Kirby
Kyl J. Kirby
Kyl J. Kirby, Attorney and Counselor at Law, P.C.
1400 Lipscomb Street
Fort Worth Texas, 78104
Telephone: (214) 632-0841
E-mail: kyl@kirbyfedlaw.com
*Counsel for Plaintiffs-Appellants*
ASCENSION CHEMICALS LLC, UMD SOLUTIONS LLC, CRUDE CHEM TECHNOLOGY LLC, and GLOB ENERGY CORP.

Dated: June 26, 2023