# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

ALL ONE GOD FAITH, INC., dba Dr.
Bronner's Magic Soaps,

    Plaintiff,

GLOB ENERGY CORP., ASCENSION
CHEMICALS LLC, UMD SOLUTIONS
LLC, CRUDE CHEM TECHNOLOGY
LLC,

    Plaintiffs-Appellants,

    v.

UNITED STATES, CP KELCO U.S., INC.,

    Defendants-Appellees.

Appeal Nos. 23-1078, 23-1081

## <u>ORDER</u>

Upon reading the Partial Consent Motion for a Stay submitted by defendant-appellee the United States; upon consideration of other papers and proceedings herein; and upon due deliberation, it is hereby

ORDERED that the motion is granted, and it is further

ORDERED that this appeal is stayed until 30 days after this Court's July 27, 2023 decision in *Royal Brush Manufacturing, Inc. v. United States* (Federal Circuit Appeal No. 22-1226), becomes final and conclusive, *i.e.,* when all appeals or the possibility of appeals of the decision are foreclosed; and

ORDERED that upon expiration of the stay, the parties shall notify this

Court of the manner in which they believe the appeal should proceed.

FOR THE COURT:

_____

Dated:   Washington, D.C.
       This          day of          , 2023

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

ALL ONE GOD FAITH, INC., dba Dr.
Bronner's Magic Soaps,

       Plaintiff,

GLOB ENERGY CORP., ASCENSION
CHEMICALS LLC, UMD SOLUTIONS
LLC, CRUDE CHEM TECHNOLOGY
LLC,

       Plaintiffs-Appellants,

       v.

UNITED STATES, CP KELCO U.S., INC.,

       Defendants-Appellees.

:
:
:
:
:
:
:
:
:   Appeal Nos. 23-1078, 23-1081
:
:
:
:
:
:
:

## APPELLEE'S PARTIAL CONSENT MOTION FOR STAY

Pursuant to Rule 27 of the Federal Rules of Appellate Procedure and of the
Rules of the U.S. Court of Appeals for the Federal Circuit, defendant-appellee, the
United States, requests that the Court stay this appeal until 30 days after this
Court's July 27, 2023 decision in *Royal Brush Manufacturing, Inc. v. United States*
(Federal Circuit Appeal No. 22-1226), becomes final and conclusive, *i.e.,* when all
appeals or the possibility of appeals are foreclosed.

On August 17, 2023, counsel for the United States contacted counsel for
plaintiffs-appellants GLōB Energy Corporation ("GLōB"), Ascension Chemicals
LLC ("Ascension"), UMD Solutions LLC ("UMD"), and Crude Chem Technology

LLC ("Crude") (hereafter, the "Plaintiffs-Appellants"), Kyl J. Kirby, and counsel for defendant-appellee CP Kelco U.S., Inc., Nancy A. Noonan and Leah N. Scarpelli, stating by email that the United States intended to file this motion for a stay.   On August 23, 2023, counsel for the United States sent a follow-up email requesting consent and Ms. Scarpelli provided consent to this motion on behalf of CP Kelco.   On August 24, 2023, Mr. Kirby responded requesting a draft of the motion.   Counsel for the United States provided a draft motion on August 29, 2023, and sent follow-up email correspondence on both August 31, 2023 and September 5, 2023.   Mr. Kirby has not responded to any of these email communications.   Counsel for the United States also called Mr. Kirby on September 5 and 6, 2023, but was unable to reach him.   Counsel for the United States remains unaware of Plaintiffs-Appellants position on this motion.

***

This litigation arises from a determination by U.S. Customs and Border Protection ("CBP") pursuant to the Enforce and Protect Act of 2015 ("EAPA"), codified at 19 U.S.C. § 1517, that there is substantial evidence that merchandise covered by an antidumping duty order on xanthan gum from China entered the customs territory of the United States through evasion.   *See* APPX00183-00202; APPX00263-00281.   After an investigation, CBP determined that plaintiffs-appellants, and several other importers, had imported Chinese-origin

2

xanthan gum into the United States by transshipment through India.[1]  *See*

APPX00183-00184.

The trial court issued an opinion on August 18, 2022, dismissing GLōB's

claims and denying Ascension, UMD, and Crude's motions for judgment on the

agency record.  *See* APPX00018, APPX00024.  The trial court determined that it

lacked subject matter jurisdiction over GLōB's complaint on the basis that CBP

had liquidated the relevant entries with antidumping duties, and those liquidations

had become final pursuant to 19 U.S.C. § 1514(a) because GLōB had protested the

liquidations but had not appealed the denial of those protests.[2]  *See*

APPX00015-00018.  The trial court also affirmed CBP's evasion determination as

to the remaining importers and noted that if it had jurisdiction over GLōB's entries,

---

[1] CBP made affirmative evasion determinations concerning seven importers,
including the four appellants in this litigation and an additional importer, All One
God Faith Inc. d/b/a Dr. Bronner's Magic Soaps ("Dr. Bronner's"), who
challenged CBP's evasion determinations at the trial court but did not file an
appeal to this Court.  *See* APPX00183-00184; Federal Circuit No. 2023-1078
Notice of Docketing (ECF No. 1-1) (listing Ascension, UMD, and Crude); Federal
Circuit No. 2023-1081 Notice of Docketing (ECF No. 1-1) (listing GLōB).  Two
other importers did not appeal CBP's determination to the trial court.

[2] The trial court also dismissed the complaint filed by Dr. Bronner's, on the basis
that the trial court lacked subject-matter jurisdiction over Dr. Bronner's EAPA
claims because CBP had liquidated the relevant entries, and those liquidations had
become final pursuant to 19 U.S.C. § 1514(a) because Dr. Bronner's had protested
the liquidations but had not appealed the denial of those protests.

the trial court would have denied GLōB's challenges for the reasons articulated with respect to the other importers.   *See* APPX00019 n.9.

Appellant filed its opening brief on December 27, 2022.   *See* ECF No. 12. Appellee, the United States, filed its opening brief on July 12, 2023.   *See* ECF No. 39.   In its briefing, the United States identified as a related pending case *Royal Brush Manufacturing, Inc. v. United States* (Federal Circuit Appeal No. 2022-1226), for which the Court issued its decision on July 27, 2023.   At issue in that case was a challenge by Royal Brush Manufacturing, Inc. ("Royal Brush") to a determination by CBP pursuant to EAPA that Royal Brush had evaded antidumping duties in connection with five entries of merchandises into the United States.   *See Royal Brush Mfg., Inc. v. United States*, 75 F.4th 1250, 1254-55 (Fed. Cir. 2023).   The United States argued that the Court lacked jurisdiction over Royal Brush's appeal because CBP had liquidated Royal Brush's entries prior to the trial court enjoining liquidation of entries, and Royal Brush did not administratively protest those liquidations.   *Id.* at 1255-56.

In its July 27, 2023 decision, this Court determined that the appeal of CBP's determination in *Royal Brush* was not moot at least as to three liquidated entries for which CBP had not assessed antidumping duties, noting that "Royal Brush had nothing to protest in the liquidation determinations of its first three entries because Royal Brush was not assessed any antidumping duties" and that "CBP might

4

successfully seek reliquidation of the entries, [and that] the evasion determination makes Royal Brush potentially liable for civil penalties[.]"  *Id.* at 1256.   The Court did not reach a determination as to whether it would have jurisdiction over the appeal based on the remaining two entries, which were subject to antidumping duties upon liquidation, and declined to consider whether Royal Brush would have a right to recover the assessed duties with respect to those two entries since Royal Brush had not sought such relief.  *Id.* at 1256-57.   The Court also assessed substantive aspects of CBP's EAPA determination, vacated the trial court's decision, and remanded the case.  *Id.* at 1258-1263.   The last date to seek further review of this Court's decision in Royal Brush is October 25, 2023, and the Government is still considering next steps.

The decision in *Royal Brush* is potentially pertinent to the issues involving GLōB's entries in *All One God Faith, Inc. v. United States* and may potentially affect the legal issues before the Court in this appeal.   To avoid having this Court simultaneously considering similar issues in two cases, the United States believes it would be prudent to stay the appeal in *All One God Faith* pending the final and conclusive decision in *Royal Brush*, *i.e.*, when all appeals or the possibility of appeals are foreclosed.   For these reasons, the United States respectfully requests that the Court stay this appeal until 30 days after the finality of *Royal Brush*.

\*\*\*

5

The Government also informs the Court that it recently became aware that on March 2, 2023, during the course of this appeal, CBP denied a protest filed by Ascension.   This protest covers several entries at issue in this litigation.   CBP has reverted the denial of this protest and returned the protest to suspended status in order to preserve the status quo during the pendency of this appeal.

WHEREFORE, defendant-appellee respectfully requests that its Partial

Consent Motion for a Stay be granted.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy
Assistant Attorney General

PATRICIA M. McCARTHY
Director

/s/ Justin R. Miller
JUSTIN R. MILLER
Attorney-In-Charge
International Trade Field Office

/s/ Elisa S. Solomon
ELISA S. SOLOMON
Trial Attorney
Department of Justice, Civil Division
Commercial Litigation Branch
26 Federal Plaza – Suite 346
New York, New York 10278
(212) 264-0583

*Attorneys for Defendant-Appellee United
States*

Dated:  September 7, 2023
        New York, New York

## <u>CERTIFICATE OF COMPLIANCE</u>

I, Elisa S. Solomon, a Trial Attorney in the Commercial Litigation Branch of the Civil Division, U.S. Department of Justice, am responsible for the foregoing motion.   Relying on the word count feature of the word processing program used to prepare the motion, I certify that this brief contains 966 words.

<u>/s/ Elisa S. Solomon</u>
ELISA S. SOLOMON

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on September 7, 2023, a copy of the foregoing Motion

for a Stay was filed electronically.   I understand that notice of this filing will be

sent to all parties by operation of the Court's electronic filing system.   Parties may

access this filing through the Court's system.

/s/ Elisa S. Solomon
ELISA S. SOLOMON
Trial Attorney
International Trade Field Office
U.S. Department of Justice, Civil Division
26 Federal Plaza—Room 346
New York, New York 10278
