

|  |  |
|---|---|
| | **U.S. Department of Justice** |
| | Civil Division |
| PMM:JRM:AAkers | Telephone: (202) 353-0521 |
| DJ No. 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 | Email: Ashley.Akers@usdoj.gov |

*Washington, DC 20530*

November 7, 2023

**By Electronic Filing**

Mr. Jarrett B. Perlow
Office of the Clerk, U.S. Court of Appeals for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Re:     *All One God Faith, Inc. v. United States*, No. 2023-1078

Dear Mr. Perlow:

     Pursuant to Federal Rule of Appellate Procedure 28(j), defendant-appellee, the United States, respectfully submits *Royal Brush Manufacturing, Inc. v. United States*, No. 22-1226, 75 F.4th 1250 (Fed. Cir. 2023), as supplemental authority.

     In *Royal Brush*, the government argued that the Court lacked jurisdiction over the appeal because Royal Brush failed to protest liquidations of entries within the statutory time period, and, therefore, liquidation became final and conclusive, rendering the court powerless to change the assessment of duties. *Royal Brush*, 75 F.4th at 1256. This Court acknowledged that, in certain non-Enforce and Protect Act (EAPA) cases, in particular in cases arising under the antidumping or countervailing duty statutes, "'once liquidation occurs the trial court is powerless to order the assessment of duties at any different rate.' *SKF USA, Inc. v. United States*, 512 F.3d 1326, 1328 (Fed. Cir. 2008); *see also Zenith Radio Corp. v. United States*, 710 F.2d 806, 810 (Fed. Cir. 1983))." *Royal Brush*, 75 F.4th at 1256. However, this Court held that it maintained jurisdiction over three entries for which no antidumping duties had been assessed and thus for which there was "nothing to protest." *Id.*  The Court did not reach the issue with respect to the two entries that were subject to antidumping duties upon liquidation. *Id.*

- 2 -

      This decision does not impact the present appeal, because the facts here are materially different. In the present appeal, as it relates to one party – GlōB – antidumping duties *were* assessed on GlōB's entries upon liquidation. GlōB protested the liquidation and CBP denied the protest. GlōB did not appeal the denial under 28 U.S.C. §1581(a) and, thus, the liquidation became final and conclusive. Thus, unlike in *Royal Brush*, antidumping duties have been assessed on all relevant entries and those duties became final and conclusive upon liquidation. For the reasons stated in our corrected response brief, ECF No. 39, the trial court correctly held that it lacked jurisdiction over GlōB's entries.

      In the EAPA context, this Court has not addressed its jurisdiction over cases where all entries *were* liquidated with antidumping duties and those liquidations became final and conclusive.

                              Respectfully submitted,

                              /s/ Ashley Akers
                             ASHLEY AKERS
                               Trial Attorney
                        Commercial Litigation Branch

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of November, 2023, I electronically filed the foregoing letter with the Clerk of the Court by using the appellate CM/ECF system. Counsel of record are registered CM/ECF users.

/s/ Ashley Akers<br>
ASHLEY AKERS